CITY OF ST. PAUL v. GOLDEN ST. AUBIN AND ANOTHER.[1]

November 5, 1937.

No. 31,341.

*Alex Dim,* for appellants.

*John L. Connolly, Irving Gotlieb,* and *James F. Sullivan,* for respondent.

HOLT, JUSTICE.

On and prior to February 21, 1937, defendants held a license to sell 3.2 beer at a beer parlor and restaurant owned and conducted by them at 419 West Wheelock Parkway in the city of St. Paul, Minnesota. At 3:15 a. m. of that day, a Sunday, two police officers, on account of parked automobiles outside, became suspicious of the place being in fact closed, though curtains were drawn and doors

[1] Reported in 275 N. W. 623.

locked, and knocked for admission. After a few minutes' delay they were admitted and found one man standing at the bar with a partly filled beer glass in front of him; in a booth sat a man and a woman with seven partly filled beer glasses on a table in front of them; four men in working clothes were hiding in the basement; and some others, men and women, were in the back part of the building. Defendants lived in the back rooms. Defendants' testimony was, in substance, that at two a. m. their patrons had been directed to leave; that a number left, the shades were drawn, the music stopped, and the doors locked; but that those found by the officers in the place an hour later had been invited to remain to arrange for a surprise for one of them next week; that no beer was sold during the parley.

Ordinance No. 7641, under which defendants were licensed, provides:

"Section 1. From and after the effective date of this ordinance, all places in the city of St. Paul where food and alcoholic drinks are served, shall be closed for business between the hours of one o'clock A. M. and five o'clock A. M. on any day of the week except Sunday and between the hours of two o'clock A. M. and five o'clock A. M. on Sunday.

"Section 2. During the closing hours set by this ordinance no business of any kind or character except as herein otherwise provided, shall be transacted, and no person other than employes shall be permitted to enter or remain upon the premises."

There are no exceptions in the ordinance under which the presence of the persons seen by the officers in this beer parlor could have been justified. However, we need not justify the conviction under the last clause of § 2, for the facts testified to by the police officers lead to the inference that defendants' beer parlor was "not closed to business" when the officers were admitted at 3:15 a. m. on the Sunday mentioned. Patrons were then in the very act of consuming beer. The indications thereof were not entirely removed, though some of the drinkers sought refuge in the basement. The court naturally could not accept the explanation that workingmen would

loiter in a beer parlor an hour after two o'clock on a Sunday morning to plan a surprise for one of those then present. We think the record justifies the conclusion of the trial court.

The convictions are affirmed.